## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **JAHMOL HILL,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No. 5:24-cv-191-MTT-AGH** |
| | : | |
| **Sgt. CRYSTAL TODD,** *et al.*, | : | |
| | : | |
| **Defendants** | : | |

_____

## <u>ORDER</u>

*Pro se* Plaintiff Jahmol Hill, a pre-trial detainee at the Houston County Detention Center in Perry, Georgia, filed a complaint seeking relief under 42 U.S.C. § 1983.  ECF No. 1.  Plaintiff seeks leave to proceed *in forma pauperis*.  ECF No. 3.  For the reasons discussed below, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**, but Plaintiff is required to recast his complaint as instructed herein if he wishes to proceed with his claims.  Plaintiff's "motion for evidence and subpoena" (ECF No. 9) and his motions for the appointment of counsel (ECF Nos. 2, 6, 7 and 11) are **DENIED** as set forth below.

### MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).  ECF No. 3.  As it appears Plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is **GRANTED**.  However, even if a prisoner is allowed to proceed *in forma pauperis*, he must pay the full amount of the $350.00 filing fee.  28 U.S.C. § 1915(b)(1).  If the prisoner has

sufficient assets, he must pay the filing fee in a lump sum.  If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee.  28 U.S.C. § 1915(b)(4).  In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. It is thus **ORDERED** that Plaintiff's complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

## I.    Directions to Plaintiff's Custodian

Going forward, Plaintiff is required to make monthly payments toward the filing fee in the amount of 20% of the deposits made to his prisoner account during the previous month.  The clerk of court is **DIRECTED** to send a copy of this Order to the business manager of the facility in which Plaintiff is detained so that withdrawals from his account may commence as payment towards the filing fee.  It is **ORDERED** that the warden of the institution in which Plaintiff is detained, or the sheriff of any county where he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court 20% of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full.  28 U.S.C. § 1915(b)(2).  In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the

account exceeds $10.00.  It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

II.    Plaintiff's Obligations Upon Release from Custody

Plaintiff should keep in mind that his release from detention does not release him from his obligation to pay the installments incurred while he was in custody.  Plaintiff remains obligated to pay those installments justified by the income in his prisoner trust account while he was detained.  If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law.  Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## MOTIONS FOR APPOINTMENT OF COUNSEL

On June 18, 2024, Plaintiff moved for appointed counsel.  ECF No. 2.  He then, within a month, submitted three additional and redundant requests for appointed counsel.  ECF Nos. 6, 7, 11.  Plaintiff is advised that the filing of duplicative motions is unnecessary and unduly wastes judicial resources and time.  Once Plaintiff has filed a motion, it is on the Court's docket and the Court will review Plaintiff's pleading in due time.  Plaintiff is **DIRECTED** not to file repetitive motions as he has done here.

Furthermore, "[a]ppointment of counsel in civil cases is a privilege 'justified only by exceptional circumstances,' not a constitutional right." *Rodriguez v. Burnside*, 38 F.4th 1324, 1335 (11th Cir. 2022) (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir.

3

1986)).  In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).[1]

Here, the Court notes that Plaintiff filed a complaint under § 1983 following the format and style of the Court's standard form and setting forth factual allegations. *See generally* ECF No. 1.  The legal doctrines applicable to Plaintiff's claims are readily apparent, and the Court has not imposed any procedural requirements which would limit Plaintiff's ability to present his case. *See Kilgo v. Ricks*, 983 F.2d 189, 193-94 (11th Cir. 1993).  Plaintiff has demonstrated his ability to present his claims to the Court for review. As such, Plaintiff's motions for appointment of counsel (ECF Nos. 2, 6, 7, and 11) are **DENIED**.

Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time.  Consequently, there is no need for Plaintiff to file additional requests for counsel.

### MOTION FOR EVIDENCE AND SUBPOENA

Plaintiff also filed a "motion for evidence and subpoena". ECF No. 9.  Plaintiff's request for discovery is premature because the Court has not yet determined that Plaintiff's

---

[1] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1).  The statute does not, however, provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989).

complaint complies with the PLRA and states a claim for relief. *See Schreane v. Middlebrooks*, 522 F. App'x 845, 848 (11th Cir. July 2, 2013) (explaining that the Federal Rules of Civil Procedure do not require production of evidence prior to a determination that a complaint states a claim for relief). Furthermore, at this stage in the litigation, the Court finds that service of Plaintiff's complaint is not proper. Accordingly, Plaintiff's request for production of evidence (ECF No. 9) is **DENIED** as premature. If the Court later determines that any of Plaintiff's claims survive preliminary review, Plaintiff will be provided guidance on commencing discovery.

## INITIAL REVIEW OF COMPLAINT

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Plaintiff's complaint is an over twenty-page pleading containing a variety of allegations against eleven or more defendants, some of whom Plaintiff does not even mention in his statement of claim. *See* ECF No. 1. Rule 8 of the Federal Rules of Civil Procedure requires a civil complaint filed in this Court to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). Stated more precisely, "[e]ach allegation must be simple, concise, and direct". Fed. R. Civ. P. 8(d)(1). The Court has identified the following defects in Plaintiff's complaint that could lead to dismissal for failure to comply with the Rules or to state a claim for relief.

First, Plaintiff's allegations are not simple, concise, and/or direct. *See* ECF No. 1. Plaintiff's writing style makes it difficult for the Court to discern what claims Plaintiff is

attributing to which Defendants.  *See id.* at 6-18.  A district court may properly dismiss a complaint when the plaintiff, other than naming the defendant in the caption of the complaint, fails to state any allegations that connect the defendant with an alleged constitutional violation.  *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."); *see also Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1983) (citations omitted) (stating there must be proof of an affirmative causal connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation").

Second, Plaintiff failed to present any allegations that would allow a § 1983 claim against a medical services provider, such as Defendant Correct Health, to proceed.  *See Twombly*, 550 U.S. at 555 (finding that the factual allegations in a claim "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action.");  *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004); *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997) (holding that when a private corporation contracts with the government to provide medical services to inmates, the entity should be treated as a municipality);  *Massey v. Montgomery Cnty. Det. Facility*, 646 F. App'x 777, 780 (11th Cir. 2016) (citing *Monell v Dep't of Soc. Servs.*, 436 U.S. 658 (1978) (holding that a medical services provider "cannot be liable under § 1983 on a *respondeat superior* theory.").  To assert a claim against Correct Health under *Monell*, Plaintiff must plausibly allege that Correct Health

"had a policy or custom that caused the" injuries of which he complains, and he has not done so. *Massey*, 646 F. App'x at 780. Thus, without factual support in Plaintiff's complaint for a viable *Monell* based claim against Correct Health, then claims as to Correct Health are subject to dismissal.

Third, Plaintiff does not link many of his medical care claims to a specific Defendant but instead uses terms such as "medical", "nurses", "provider", "Doctor John Doe" and so forth. *See* ECF No. 1 at 11-17. Plaintiff is advised that collective liability, *i.e.*, when allegations are raised against defendants utilizing only general terms such as "nurses" or "staff" or "medical" or "employees," is not permitted under § 1983 and a plaintiff must link his allegations to a specific identifiable state actor who committed the civil rights violation. *See Douglas*, 535 F.3d at 1322; *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (finding that as a general rule, "fictitious party pleading is not permitted in federal court"); *Huey v. Raymond*, 53 F. App'x 329, 330 (6th Cir. 2002) (affirming dismissal as frivolous plaintiff's claims that "prison employees . . . were conspiring to make [his] life miserable by poisoning virtually every item of food served to [the plaintiff] in the prison cafeteria, in his cell, and purchased at the canteen").

Fourth, and finally, Plaintiff appears to be raising claims against some Defendants that occurred either on the date of drafting his complaint or within just days of submitting his complaint to the Court and after the submission of his grievances on May 20, 2024 and May 28, 2024. *See* ECF No. 1 at 12-19; ECF No. 1-1; ECF No. 1-2. The Court is concerned that Plaintiff may not have fully exhausted his administrative remedies about these later claims. Title 42, United States Code § 1997e(a) provides that "[n]o action

shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This provision generally requires that a prisoner file an administrative grievance and then appeal any denial of relief through all levels of review that comprise the grievance process ***before*** filing suit in federal court. *Brown v. Sikes*, 212 F.3d 1205, 1207 (11th Cir. 2000); *Woodford v. Ngo,* 548 U.S. 81, 93 (2006) (holding that "[t]he benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance"). The exhaustion of available administrative remedies is a mandatory requirement and cannot be waived even when the grievance process is futile or inadequate. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Ross v. Blake*, 578 U.S. 632, 648 (2016).

Although failure to exhaust is an affirmative defense, dismissal of a complaint is warranted under the screening process set out in 28 U.S.C. § 1915A when it appears clear "on the face of the complaint" that the plaintiff failed to exhaust all available administrative remedies prior to filing suit in federal court. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011); *Anderson v. Donald*, 261 F. App'x 254, 256 (11th Cir. 2008) (Georgia inmate failed to exhaust administrative remedies where he failed to appeal grievable claims after presenting to the appropriate party); *Brand v. Hamilton*, No. 3:10cv377/LAC/MD, 2010 WL 4973358, at *3 (N.D. Fla. Oct. 27, 2010) ("Clearly, the two days between the event complained of and the signing of the complaint would not have been sufficient time to pursue and exhaust administrative remedies available to

[the prisoner].").  To the extent Plaintiff seeks to assert claims for acts occurring within days of initiating this civil action, it appears impossible that he has exhausted his administrative remedies for those claims.  *See, e.g.*, *Davis v. Daniels*, 3:20cv5935-MCR-HTC, 2022 WL 1205329, at *3 (N.D. Fla. Feb. 8, 2022) (finding plaintiff could not amend his complaint to add claims occurring after suit was filed because he could not have exhausted them) (citing *Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012)), *recommendation adopted by* 2022 WL 1204100 (N.D. Fla. Apr. 22, 2022).

If Plaintiff wishes to proceed with his lawsuit, the Court will afford Plaintiff one opportunity to remedy the defects with his current complaint as explained herein.  *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) ("When it appears a pro se plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the pro se plaintiff an opportunity to amend his complaint instead of dismissing it.").  Plaintiff must submit an amended complaint on the Court's standard § 1983 complaint form if he wishes to proceed with his claims.  Plaintiff is cautioned that the opportunity to recast is not an invitation for him to include every imaginable claim that he may have against any state official.  Plaintiff will not be permitted join claims against multiple defendants in one action unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" and raise a "question of law or fact common to all defendants." Fed. R. Civ. P. 20 (a)(2).  A claim arises out of the same transaction or occurrence only "if there is a logical relationship between the claims." *Constr. Aggregates, Ltd. v. Forest Commodities Corp.*, 147 F.3d 1334, 1337 n.6 (11th Cir. 1998).

The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a defendant in the present lawsuit.  Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action.  Plaintiff must then list each defendant again in the body of his complaint and tell the Court exactly how that individual violated his constitutional rights.  It is recommended that, when drafting his statement of claims, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant to which the claim is attributed:

(1)     What did this Defendant do (or not do) to violate your rights?  In other words: What was the extent of this Defendant's role in the unconstitutional conduct?

(2)     Is the Defendant a supervisory official and if so, was he/she personally involved in the constitutional violation?  If not, how did his/her actions otherwise cause the unconstitutional action?  How do you know?[2]

(3)     When and where did each action occur (to the extent memory allows)?

(4)     How were you injured because of this Defendant's actions or inactions?

---

[2] It is well-settled in the Eleventh Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability. *See, e.g.*, *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003); *Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (internal quotation marks omitted) ("The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous.").  Stated another way, a prisoner must allege facts showing either that a supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation to state a claim against a prison official based solely on their supervisory position.  *See Asad v. Crosby*, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two defendants who failed, *inter alia*, "to afford [plaintiff] relief during the grievance process," because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation").

(5)      What legally permissible relief do you seek from this Defendant?

Plaintiff is notified that **one sole operating complaint** is permissible.  The general rule is that an amended complaint supersedes an original complaint. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007); *Fritz v. Standard Sec. Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982).  Thus, Plaintiff's recast complaint will take the place of his original complaint; the Court will not refer to the original complaint to see if Plaintiff has stated a viable claim.

Plaintiff must thoroughly and completely answer each question presented in the Court's standard § 1983 complaint form.  The Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified.  *See* Fed. R. Civ. P. 8. Plaintiff should ensure that his recast complaint is legible.  Additionally, Plaintiff should state his claims as simply as possible referring only to the relevant allegations against the named defendants in this case and Plaintiff should not unnecessarily use language like "upon information" in his recast complaint.  *See, e.g.*, Compl., ECF No. 1 at 6-19.  If Plaintiff fails to link a named Defendant to a claim, the claim will be dismissed; if Plaintiff makes no allegations in the body of his complaint against a named Defendant, that Defendant will be dismissed.  If Plaintiff raises unrelated claims under the same civil action number, the unrelated claims may be dismissed, or in the alternative, this entire civil action may be dismissed for failure to follow an order of the Court.  *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for . . . failure to obey a court order.").

Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to submit a recast complaint. ***The recast complaint must be no longer than ten (10) pages in its entirety***. Plaintiff is not to include any exhibits or attachments.

## CONCLUSION

Plaintiff's motion to proceed *in forma pauperis* (ECF No. 3) is **GRANTED**. Plaintiff's "motion for evidence and subpoena" (ECF No. 9) and his motions for the appointment of counsel (ECF Nos. 2, 6, 7 and 11) are **DENIED**. Plaintiff is **ORDERED** to recast his complaint as instructed above within **FOURTEEN (14) DAYS** of the date of this Order. **Plaintiff's failure to fully and timely comply with this Order may result in the dismissal of this action.**

The Clerk is **DIRECTED** to forward a copy of the § 1983 form marked with the case number of the above-captioned action to the Plaintiff for the Plaintiff to use for his recast complaint. There shall be no service of process or discovery upon any Defendant until further order of the Court.

**SO ORDERED and DIRECTED**, this 16th day of August, 2024.

 s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE