IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JAHMOL HILL, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Case No. 5:24-cv-191-MTT-AGH |
| | : |
| Sgt. CRYSTAL TODD, *et al.*, | : |
| | : |
| Defendants. | : |
| | : |

# ORDER

Pending before the Court is Plaintiff's fifth motion for appointment of counsel (ECF No. 15).[1]  Plaintiff states he needs counsel because he is "not fully competent" to handle his case; he has no family in Georgia "to serve [his] paperwork[,]" he "know[s] nothing about procedure[,]" and he does not have access to a law library. Pl.'s 5th Mot. to Appoint Couns., ECF No. 15-1.

A district court "may request an attorney to represent any person unable to afford counsel."[2]  28 U.S.C. § 1915(e)(1).  There is, however, "no absolute constitutional right to the appointment of counsel" in a § 1983 lawsuit.  *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987).  Appointment of counsel is "instead

---

[1] The motion has been docketed both as a motion to proceed *in forma pauperis* and a motion for appointment of counsel (ECF No. 15).  To the extent that Plaintiff requests to proceed without prepayment of the filing fee, the motion is **DENIED** as moot.  The Court already granted Plaintiff's previous motion to proceed *in forma pauperis* (ECF Nos. 3, 14).

[2] The statute, however, does not provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case.  *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 310 (1989); *Taylor v. Pekerol*, 760 F. App'x 647, 651 (11th Cir. 2019) (citations omitted) (stating that a district court has no "inherent power" to compel counsel to represent a civil litigant and § 1915 provides no such authority).

a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Id.* In determining whether a case presents extraordinary circumstances, the Court considers

> (1) the type and complexity of the case; (2) whether the plaintiff is capable of adequately presenting his case; (3) whether the plaintiff is in a position to adequately investigate the case; (4) whether the evidence "will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination"; and (5) whether the appointment of counsel would be of service to the parties and the court "by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination." The District Court may also inquire into whether the plaintiff has made any effort to secure private counsel.

*DeJesus v. Lewis*, 14 F.4th 1182, 1204-05 (11th Cir. 2021) (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)).

The Court has considered Plaintiff's motion and—after applying the factors set forth above—concludes that appointed counsel is not justified. Plaintiff's case is not complex. Plaintiff has demonstrated the ability to litigate his case, including filing pleadings and numerous motions sufficiently setting out his contentions. At this early stage in the litigation, it is impossible to know if there will be a trial and, if so, what evidence would be presented and whether counsel would be necessary to assist the parties and the Court at trial. Plaintiff's concern regarding service of process is understandable but unjustified because he is proceeding *in forma pauperis* and, therefore, should service on any defendant be necessary following the Court's initial review required under 28 U.S.C. § 1915A, the Court will handle perfecting service. In short, Plaintiff, "like any other litigant[], undoubtedly would [be] helped by the

assistance of a lawyer, but [his] case is not so unusual" that appointed counsel is necessary. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). Accordingly, Plaintiff's motion seeking appointed counsel (ECF No. 15) is **DENIED**.

As this is Plaintiff's fifth motion to appoint counsel, the Court reiterates that, <u>on its own motion</u>, the Court will consider assisting Plaintiff in securing legal counsel if and when it becomes apparent that legal assistance is required in order to avoid prejudice to his rights. It is not apparent that court-appointed counsel is required at this point and Plaintiff need not file additional motions to appoint counsel.

**SO ORDERED**, this 28th day of January, 2025.

                                         s/ *Amelia G. Helmick*
                                         UNITED STATES MAGISTRATE JUDGE