**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

JAHMOL HILL,                          :
                                      :
     Plaintiff                   :
                                      :
v.                                    :         Case No. 5:24-cv-191-MTT-AGH
                                      :
Sgt. CRYSTAL TODD, *et al.*,          :
                                      :
     Defendants.                  :

_____

## ORDER AND RECOMMENDATION

Plaintiff filed a "Motion for Int[er]vening Necessity by the Court" (ECF No. 25) and a "Subpoena" seeking the production of witnesses and evidence (ECF No. 27). For the reasons set forth below, Plaintiff's "Subpoena" (ECF No. 27) is **DENIED** as premature and it is **RECOMMENDED** that Plaintiff's "Motion for Int[er]vening Necessity by the Court" (ECF No. 25) be **DENIED**. Additionally, the Court notes that it failed to address the claim against Defendant Jan West in the previous screening order (ECF No. 22). As explained below, it is **RECOMMENDED** that the claim against Defendant West be **DISMISSED** without prejudice for failure to state a claim for which relief may be granted.

### PLAINTIFF'S "SUBPOENA"

Plaintiff filed a "Subpoena" in which he requests witness statements and body camera footage. Mot. for Subpoena, ECF No. 27. As Plaintiff was previously instructed in the Court's May 8, 2025 Order, discovery materials are not to be filed with the clerk of court, Defendants are not "required to respond to any discovery not

directed to him/her or served upon him/her by the opposing counsel/party[,]" and Plaintiff is prohibited from seeking discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff.   Order & R. 20-21, May 8, 2025, ECF No. 22.   In short, Plaintiff's request for discovery material should not have been filed with the clerk of court and is premature.   Plaintiff's "Subpoena" (ECF No. 27) is consequently **DENIED**.

**PLAINTIFF'S "MOTION FOR INT[ER]VENING
NECESSITY BY THE COURT"**

Plaintiff also complains that he has been denied "the privilege to appear in first appearance[,]" that the public defenders' office and district attorney's office has denied him due process, and that he "has not seen an attorney or courtroom in over a year."   Mot. to Intervene 1-2, ECF No. 25.   Plaintiff requests that "under constitutional law Plaintiff pleas the Court under emergency means to step in and advise the lower court of it's mistake of sub standard Ettique and Lay."   *Id*. at 3 (grammatical and spelling mistakes in original).   The Court construes Plaintiff's motion as a request for injunctive relief.

"The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated."   *Robinson v. Att'y Gen.*, 957 F.3d 1171, 1178-79 (11th Cir. 2020) (citation omitted). In determining whether a preliminary injunction should be granted, the Court considers

> whether the movant has established: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm

2

the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest.

*Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005) (citations omitted). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." *All Care Nursing Serv., Inc. v. Bethesda Mem'l. Hosp., Inc.*, 887 F2d. 1535, 1537 (11th Cir. 1989) (internal quotation marks and citations omitted). Plaintiff does not address these factors in his motion; his request for injunctive relief should be denied for this reason alone.

Additionally, "[a] district court should not issue an injunction when the injunction in question is not of the same character[] and deals with a matter lying wholly outside the issues in the suit." *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997). Moreover, district courts lack jurisdiction to issue injunctive relief against a non-party. *See, e.g.*, *Faircloth v. Baden*, No. 1:11-CV-113 (WLS), 2012 WL 3202949, at *4 (M.D. Ga. July 9, 2012) ("The Court lacks subject matter jurisdiction to issue a preliminary injunction against a non-party."); *Powell v. Owens*, No. 5:14-CV-87-MTT-MSH, 2017 WL 3822983, at *1 (M.D. Ga. July 14, 2017) (same), *recommendation adopted by* 2017 WL 3730522 (M.D. Ga. Aug. 29, 2017). Plaintiff's complaint names jail officials and jail nurses as Defendants and raises claims regarding excessive force and deliberate indifference to a serious medical need that occurred in the Houston County Jail. *See* Recast Compl., ECF No. 18. However, Plaintiff's request for injunctive relief contains allegations regarding his ongoing state criminal proceedings and requests that this Court somehow intervene in those

proceedings.[1]  *See* Mot. to Intervene.  Because Plaintiff's request for injunctive relief seeks relief from a non-party and because the allegations contained therein are wholly unrelated to the claims from the complaint, it is **RECOMMENDED** that Plaintiff's "Motion for Int[er]vening Necessity by the Court" (ECF No. 25) be **DENIED**.

**ADDITIONAL SCREENING OF PLAINTIFF'S COMPLAINT**

I.    Standard of Review

The Prison Litigation Reform Act ("PLRA") directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee.  28 U.S.C. § 1915A(a).  Courts must also screen complaints filed by a plaintiff proceeding IFP.  28 U.S.C. § 1915(e).  Both statutes apply in this case, and the standard of review is the same.  "*Pro se* filings are generally held to a less stringent standard than those drafted by attorneys and are liberally construed."  *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020).  Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C.

---

[1] Plaintiff is further advised that the principles of equity, comity, and federalism counsel federal abstention in deference to ongoing state court proceedings.  *See Younger v. Harris*, 401 U.S. 37, 43-46 (1971); *Christman v. Crist*, 315 F. App'x 231, 232 (11th Cir. 2009) ("*Younger* abstention is required when (1) the proceedings constitute an ongoing state judicial proceeding, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges.").  Thus, even if the requests that Plaintiff is making in his motion for injunctive relief were related to his claims in this civil action, the Court is strictly limited from intervening in his present state criminal proceedings that are ongoing in the Houston County Superior Court.  *See Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1263 (11th Cir. 2004) (stating that federal courts consistently abstain from interfering in state criminal prosecutions unless a limited exception applies).

4

§ 1915A(b); *see also* 28 U.S.C. § 1915(e).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). On preliminary review, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process. *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555. In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was

committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See, e.g., Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights).

II.     Plaintiff's Claims Against Defendant West Should be Dismissed

As noted in the previous Order and Recommendation, the Court struggled in analyzing Plaintiff's complaint, recast complaint, and attachments. Order & R. 4, 7, May 8, 2025. Further review of these documents reveals that Plaintiff may have intended to include Jan West as a defendant in this action. Recast Compl. 4. However, Plaintiff fails to articulate factual allegations related to Defendant West except for two sentences in an exhibit to his complaint in which Plaintiff states that he saw Defendant West on June 6, 2024 at 10:30 a.m. and asked her why he was stuttering. Recast Compl. Ex. H, ECF No. 18-5. Defendant West asked Plaintiff if he stuttered before, and a correctional officer responded "No." *Id.*

To state a claim for deliberate indifference to serious medical needs, a plaintiff must allege "(1) a serious medical need; (2) the defendant['s] deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009) (citation omitted). Plaintiff failed to allege these elements regarding Defendant West. First, he fails to allege a serious medical need. *See, e.g., Farrow v. West*, 320 F.3d 1235, 1243 (11th

Cir. 2003) (holding that "the medical need must be one that, if left unattended, pos[es] a substantial risk of serious harm.") (alteration in original) (internal quotations omitted).   Second, even assuming that "stuttering" is a serious medical need, Plaintiff failed to allege that Defendant West was deliberately indifferent to his stuttering.   *Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024) (en banc) (quoting *Farmer v. Brennan*, 511 U.S. 825, 839 (1994)) (holding that in order to establish deliberate indifference, a plaintiff must plausibly allege that the defendant "was actually, subjectively aware that his own conduct caused a substantial risk of serious harm"; disregarded that risk; and "acted with 'subjective recklessness as used in the criminal law[.]'").   Finally, he fails to allege that Defendant West's actions in any way harmed Plaintiff or that there is causation between her actions and his injury.   Because Plaintiff failed to allege the elements necessary to state a deliberate indifference claim against Defendant West, it is **RECOMMENDED** that this claim be **DISMISSED** without prejudice.

## CONCLUSION

For the foregoing reasons, Plaintiff's request for discovery materials (ECF No. 27) is **DENIED** and it is **RECOMMENDED** that Plaintiff's request for preliminary injunctive relief (ECF Nos. 25) be **DENIED**.   It is further **RECOMMENDED** that Plaintiff's claim against Defendant Jan West be **DISMISSED without prejudice** for failure to state a claim.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with Marc T. Treadwell, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation.   The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.   Objections to the Recommendation are limited in length to twenty (20) pages. A party seeking permission to exceed these limitations shall do so by filing a written motion no later than five (5) days in advance of the deadline for filing objections and by specifying the number of pages requested.   Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.   *See* 11th Cir. R. 3-1.

**SO ORDERED and RECOMMENDED**, this 27th day of June, 2025.

 s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE